IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Scott R. Richardson, Director of the South ) | |
| Carolina Department of Insurance, as ) | Civil Action No. 10-cv-00124-CMC |
| Rehabilitator of Capital Assurance Risk ) | |
| Group, Inc., ) | OPINION AND ORDER |
| ) | ON MOTION FOR ABSTENTION |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Munninghoff, Lange & Co., *et al.*, ) | |
| _____ ) | |

For purposes of this order, the court assumes without deciding that, as a result of the assertion of third party claims in this and a related state court action, the state court action now includes all parties and raises most if not all of the issues raised in this action (at least as relates to the overlapping parties).[1] The court further assumes that the overlapping issues and parties are sufficient to satisfy the first requirement for abstention pursuant to *Colorado River Water Conservation Dist. v.United States* 424 U.S. 800, 813 (1976).

The second requirement for abstention under *Colorado River* requires a finding of exceptional circumstances. Two of the factors considered in evaluating whether exceptional circumstances are presented include "the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums." *See id.* at 818 (listing factors). For

---

[1] Some or all Defendants in this action were brought into the state court action as third-party defendants in June 2010. Defendants in this action responded, in September 2010, by asserting third-party claims against the state-court defendants who brought them into that action. It does not, however, appear that Plaintiff in this action (who is also Plaintiff in the state court action) has asserted direct claims against the recently added third-party defendants in either action.

purposes of this order, the court assumes that these two factors are present.[2]   These factors are not,

however, enough – otherwise every first-filed parallel state action would support abstention.

Plaintiff concedes that the two other factors in *Colorado River* do not favor abstention

because the state court has not assumed jurisdiction over property and the federal forum does not

present any particular inconvenience. Dkt. No. 120-1 at 7 (discussing *Colorado River*, 424 U.S. at

818).  Two additional factors considered by the Supreme Court in *Moses H. Cone Mem'l Hosp. v.*

*Mercury Constr. Corp.*, 460 U.S. 1 (1983), arguably weigh in favor of abstention: whether state or

federal law is implicated (here, state law is at issue); and whether the state court proceedings are

adequate to protect the parties rights (there is no reason state court proceedings cannot resolve most

of the issues presented).  The presence of state law issues, however, only favors abstention in rare

circumstances and no such circumstances are presented here.[3]  *Id.* at 26 ("Although in some rare

circumstances the presence of state-law issues may weigh in favor of [surrender of jurisdiction,] the

presence of federal-law issues must always be a major consideration weighing against surrender.").

A seventh factor considered by the Fourth Circuit in *McLaughlin v. United Virginia Bank*, 955 F.2d

930, 935 (4th Cir. 2005), militates against abstention.  That factor, whether one or the other actions

---

[2]  The state court action was filed in June 2008.  This action was filed in the same court in December 2009, and removed to this court in January 2010.  Both actions are presently in discovery. Coordination between counsel should allow discovery to proceed in both actions without duplication of effort.  There is an interlocutory appeal pending in the state court action.  The parties disagree as to whether the state action has been stayed pending this appeal.  For present purposes, the court presumes that it has not.

[3]  Both actions involve some issues relating to state insurance law, most critically the role of a state receiver or rehabilitator.  The court will assume without deciding that these particular issues are particularly appropriate for resolution under state law and, in some instances by the  state courts.  These issues do not, however, predominate in this action and do not, in fact, appear to be raised by the third-party claims which set the stage for the present motion.

was a contrived or defensive reaction to the other is clearly not present here because *both* actions were instituted by the same party and asserted against different defendants. *Id.* at 935-36 ("[A]bsent a finding of bad faith, the courts should, within the jurisdiction given them, seek to dispose of the disputes efficiently and justly."). It was only through the assertion of third-party claims that all parties in this action became parties to the state court action. Although not expressly covered by the above factors, the court also considers the point at which this motion is made, after this action has been pending for over a year, and the relative progress of this action and the allegedly parallel state action. *See Moses H. Cone*, 460 U.S. at 22 (the factor of which case was filed first, "as with the other Colorado River factors, is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand. Thus, priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."). The court does not suggest any impropriety in the delay, given that the circumstances supporting the claim of substantial overlap did not arise until after third-party claims were asserted in both actions. Nonetheless, the lateness of the request for abstention and relative progress of the actions at the point the motion was made counterbalance the fact that the state court action was filed substantially prior to the federal action. For example, certain issues in this action have been resolved by partial summary judgment. Those issues, if raised at all in the state court action, do not appear to have been addressed by that court. There is no indication that the state court action is, otherwise, any closer to resolution than the present action or, more critically, that it is likely to progress at a more rapid rate.

For the reasons set forth above and based on the present status of the actions, the court denies Plaintiff's motion to abstain and stay. *See Colorado River*, 424 U.S. at 818 ("No one factor is

3

necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against [the exercise of jurisdiction] is required."). The court may, however, defer resolution of dispositive motions or trial in the event Plaintiff establishes, at some point in the future, that a state court decision on the same issues or state trial is imminent. The court may also take into consideration any ruling by the state appeals court on the interlocutory appeal or trial court decision, even if not binding on this court. *See generally McLaughlin*, 955 F.2d at 936 (noting, in reversing dismissal on abstention grounds: "While it cannot be denied that there is an overlap with various of the state suits, principles of res judicata, collateral estoppel, and equitable stay will help to minimize the potential for undue waste.").

      IT IS SO ORDERED.

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 23, 2010